Dear Ms. Butler:
You have requested an opinion of the Attorney General in your capacity as President of the Louisiana Housing Finance Agency (the "LHFA"). You state that on March 25, 1998, the Board of Commissioners (the "Board") of the LHFA approved a resolution authorizing the transfer of title of multifamily housing developments owned by LHFA to qualified purchasers. The purchasers consist of the Ninth Ward Housing Development Corporation (the "Ninth Ward"), the Lafayette Council on Aging, Inc. (the "Council") and the Housing Authority of the City of Shreveport (the "Authority"). You have submitted with your request, correspondence from the purchasers stating the purpose and intended use of the properties, as well as articles of incorporation, by-laws and general information pertaining to all three organizations.
Your letter serves as a twofold request for an opinion regarding the legality of the transfer of title of these multifamily housing developments. Specifically, you ask whether these transfers to the above mentioned nonprofit corporations are constitutionally permissible under Article VII, Section 14(B)(1) of the 1974 Constitution of the state of Louisiana. You also ask what constitutes a "program of social welfare for the aid andsupport of the needy", as that phrase is used in the aforementioned constitutional provision.
LHFA is created pursuant to R.S. 40:600.3. It is established as a public body corporate and politic and a political subdivision and instrumentality of the state, allocated to the Department of the Treasury (the "Treasury"). Section 600.1 sets forth the legislative findings and the declared function of the LHFA. In summary, this section provides that the purpose of the LHFA is to coordinate housing programs administered by the State or its agencies and instrumentalities and to generate adequate funding so that private enterprise and investors are encouraged to sponsor, build and rehabilitate residential housing for persons and families of low income.
It is the policy of LHFA, with respect to multifamily housing developments, to (i) utilize experienced locally based qualified private sector for-profit organizations, nonprofit organizations and/or local governmental units in connection with the ownership, management and operation of the properties;(ii) manage, operate and, if necessary, redevelop the properties in harmony with surrounding neighborhoods to reflect their character and diversity in a manner consistent with fair housing laws;(iii) improve the physical condition of the properties to a level which provides a decent, safe and secure living environment; and, (iv) transfer the properties pursuant to a regulatory agreement that requires them to be owned and operated in harmony with surrounding neighborhoods in a manner consistent with fair housing laws.
We have examined the attachments of your request regarding the mission of each organization and its purpose(s) and/or intended use(s) of the properties being transferred. The information furnished reveals that the Ninth Ward is a nonprofit housing corporation, the primary purpose of which is to provide decent housing to the homeless, senior citizens and individuals of low income levels. The Council is charged with the responsibility of providing services to the most economically and socially needy elderly persons in Lafayette Parish. The purpose of the Authority is to provide decent, safe, sanitary and affordable housing to the disabled and/or homeless, elderly and families of low to very low income levels. We focus now on the constitutional provision relative to your inquiries.
Article VII, Section 14 provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision, shall not be loaned, pledged or donated to or for any person, association or corporation, public or private . . . .
 (B) Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . . ."
As can be gleaned from the above, Section 14(A) generally prohibits the loan, grant and/or donation of public funds and/or property to public and private entities and individuals. An exception to this prohibition is found in Section 14(B) which permits the donation of public funds and/or property for programs of social welfare for the aid and support of the needy. This provision has been construed to include the use of public property as well as funds for social welfare purposes. Attorney General Opinion Nos. 97-236, 87-587 and 84-161. Further, the term "needy" has typically been characterized by this office as low income, impoverished or indigent. Further, we have recognized, as a threshold criterion, that a systematic program with objective eligibility requirements should be implemented to insure that the program serves only those individuals and/or families that are truly needy. Attorney General Opinion Nos. 97-236, 92-543 and 82-115.
As previously discussed, the Ninth Ward, the Authority and the Council generally share the same mission which is to provide decent, safe, sanitary and affordable housing for low to very low income families, the elderly, disabled and/or the homeless. It is the opinion of this office that this mission is consistent with and constitutes a program of social welfare for the aid and support of the needy pursuant to Section 14(B). In accord, are Attorney General Opinion Nos. 97-236, 96-109 and 94-157. It should be noted that Opinion Nos. 96-109 and 94-157 address the legality of such donations to Councils on Aging.
Accordingly, it is the opinion of this office that the LHFA may constitutionally transfer real property to the three purchasers enumerated hereinabove if the property is to be used pursuant to programs of social welfare for the aid and support of the needy.
Parenthetically, we note your concern over potential ethical and conflict of interest issues relative to the membership and composition of the Board of Directors for the Ninth Ward (the "Ninth Ward Board"). In addition, you express concern over the Council, and the adverse effect the acquisition of multifamily housing projects could have on its 501(c)(3) status. Pursuant to our telephone conversation, it is our understanding that you have addressed these concerns to the appropriate regulatory agencies for disposition. Therefore, a discussion of these issues has been pretermitted.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla